IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY SCOTT ALLEN, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:04-CV-2504-B |
| | ) | |
| NFN WINFIELD, et al., | ) | |
| Defendants. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Plaintiff, a former inmate of Dawson State Jail (the Jail), commenced this action in November 2004 while incarcerated in the Darrington Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. (See Compl. at 2-3.)[1] Pursuant to 42 U.S.C. §§ 1983 and 1985, he sues thirty-five[2] employees of the Jail in four broad claims: (1) cruel and unusual punishment, (2) equal protection, (3) due process, and (4) access to courts. (Id. at 3 through 3D.) His claims concern alleged actions and omissions of defendants that occurred between December 3, 2002, and April 10, 2003. (Id. at 4A-4B.)

---

[1] The Court utilizes the page numbers at the bottom of each page although the first page of the complaint indicates that it is page two.

[2] Although the complaint lists thirty-seven defendants by last name and position, plaintiff clarifies in his Answers to Magistrate Judge's Questionnaire (MJQ) that he twice lists Manager Classification Winfield (defendant Nos. 1 and 28) and Case Manager Johnson (defendant Nos. 2 and 17). (See Answer to Question 1 of MJQ at 3B-3C.)

Plaintiff specifically claims that he was physically assaulted by another inmate on December 3, 2002, while "a female Black officer" observed the assault from the picket and another "Black officer was present during assault."[3]  (*Id.* at 4A.)  He alleges that he was assaulted at approximately 3:05 p.m.; he twice attempted to leave the picket but was not allowed out; he reported the incident at approximately 3:10 or 3:15 p.m.; he was placed in solitary confinement; and he spoke to all defendants about this assault.  (*Id.*)

Plaintiff further claims that, on December 5, 2002, defendant Winfield, Manager Classification, "would not listen to [his] appeal, that [his] life was in danger."  (*Id.*)  He claims that between December 8, 2002, and April 10, 2003, jail officials constantly harassed him.[4]  (*Id.*)  He states that he was cited with disciplinary cases between December 31, 2002, and March 3, 2003, and that he was denied access to the law library between January 13, 2003, and April 9, 2003.  (*Id.* at 4B.)  He claims generally that between December 5, 2002, and April 10, 2003, defendants "conspired to violate [his] civil rights" by denying him equal protection, violating his due process rights, and subjecting him to cruel and unusual punishment.  (*Id.*)  On February 8, 2005, the Court received plaintiff's Answers to MJQ wherein plaintiff elaborated on his claims.  (*See* Answers to Questions 1 through 8 of MJQ.)

By this lawsuit, plaintiff seeks monetary damages. (Compl. at 4.)  No process has been issued in this case.

---

[3]  In his answers to a Magistrate Judge's Questionnaire (MJQ) propounded to him, plaintiff identifies the latter officer as Mr. Johnson (defendant #2).  (*See* Answer to Question 1 of MJQ at 1A.)  Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153,* 23 F.3d 94, 97 (5th Cir. 1994).

[4]  The complaint specifies that the harassment commenced on "12/8/04", but the overall complaint reveals that the correct commencement date is December 8, 2002.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.* In addition, 42 U.S.C. § 1997e(c) provides for sua sponte dismissal of

> any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under § 1915(e)(2)(B), § 1915A(b), § 1997e(c), or Fed. R. Civ. P.

12(b)(6) or (c).  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 & n.8 (5th Cir. 2002) (noting that the standards under Rules 12(b)(6) and 12(c) are the same); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (recognizing the standards are the same under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6)); *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (same); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards are the same under  §§ 1915(e)(2)(B)(ii) and 1915A; Rule 12(b)(6); and 42 U.S.C. § 1997e(c)).

## III.  PERSONAL JURISDICTION

Plaintiff sues thirty-five defendants under 42 U.S.C. §§ 1983 and 1985.  He identifies one of the thirty-five defendants (defendant #3) as "Lady in picket 3B, Correctional Officer" and alleges that she subjected him to cruel and unusual punishment and violated his rights to equal protection. (Compl. at 3, Answer to Question 1 at 1A.)  However, "[n]either the Federal Rules of Civil Procedure nor [42 U.S.C. § 1983] provides authority for joining fictitious defendants in this suit." *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986).  Because the Court lacks personal jurisdiction over unidentified, fictitious defendants, the claims against defendant #3 are subject to dismissal.

In this instance, plaintiff's claims concern events and omissions which occurred in late 2002 and early 2003.  Plaintiff has not identified defendant #3 within the two year statutory period of limitations for actions under 42 U.S.C. § 1983, *see Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (applying two-year statute of limitations period to action under § 1983), or § 1985(3), *see McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (holding "that suits under § 1985(3) are . . . best characterized as personal injury actions and are governed by the

4

same statute of limitations as actions under § 1983); *Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir. 1989) (same).[5] Were plaintiff to now amend his complaint to identify defendant #3, such amendment would not relate back to when he commenced this action in November 2004. *See Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998) (holding that an amendment that identifies a formerly unidentified defendant would not relate back because "there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant"). Consequently, the claims against defendant #3 should be dismissed. *See Stumpf v. City of Waxahachie*, No. 3:04-CV-0946-M, 2004 WL 2413306, at *2 (N.D. Tex. Oct. 26, 2004) (dismissing claims against defendant who was not identified within the limitations period).

## IV.  SECTION 1985

Plaintiff makes a general claim that between December 5, 2002, and April 10, 2003, defendants "conspired to violate [his] civil rights" by denying him equal protection, violating his due process rights, and subjecting him to cruel and unusual punishment. (Compl. at 4B.) He specifically invokes 42 U.S.C. § 1985. (*Id.* at 1.) Section 1985(3) is "directed at conspiracies to interfere with civil rights." *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000). Plaintiff, however, has not alleged that defendants engaged in a civil-rights conspiracy motivated by a class-based animus. In the absence of such allegation, a claim under § 1985 cannot survive summary dismissal. *Id.* "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient."

---

[5]  The Fifth Circuit has not addressed the limitations period for § 1985 actions. The Court agrees, however, that the rationale for applying the state personal injury limitations period to § 1983 actions applies equally to § 1985 actions.

*Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987). For these reasons, plaintiff's conspiracy claim should be dismissed.

## V.  SECTION 1983

Plaintiff seeks monetary relief under 42 U.S.C. § 1983 against thirty-five employees of Dawson State Jail for alleged cruel and unusual punishment, violations of equal protection and due process, and denials of access to the courts. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

## A.  Cruel and Unusual Punishment

With respect to his claim of cruel and unusual punishment, plaintiff asserts that defendants "were aware that [his] life and health was in danger yet they displayed deliberate indifference by either forcing [him] to live in a life threatening situation and or failing to take corrective action." (*See* Answer to Question 1 of MJQ at 1.) For the most part, he merely states generally that he informed the various defendants that his life was in danger because of "black gang members" threatening and assaulting him. (*See id.* at 1-1F.) He complains that the defendants took no corrective action despite such information. (*Id.*) He specifically contends that defendants Winfield, Boykin, Harbin, and Ruthven "continued to assign [him] to the housing areas where [his] life was in danger."

(*Id.* at 1A, 1C, and 1D.)  Because defendants failed to take corrective action, plaintiff concludes that "their actions amount to inflicting cruel and unusual punishment."  (*Id.* at 1F.)  In addition to the alleged failures to take corrective action on his fears of danger, plaintiff also alleges that Case Manager Johnson "failed to render aid" when he was assaulted on December 3, 2002.  (*Id.* at 1A.)

The Eighth Amendment of the United States Constitution prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The prohibition "is applicable to the States by reason of the Due Process Clause of the Fourteenth Amendment."  *Robinson v. California*, 370 U.S. 660, 675 (1962).  "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).  In providing "humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  *Id.*

Prison officials are not "liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety."  *Id.* at 837.  Not only must the official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [but] he must also draw the inference."  *Id.*  To state a potentially successful Eighth Amendment claim, a plaintiff must allege an objectively, sufficiently serious deprivation.  *Id.* at 834.  In other words, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Id.* (citations omitted).  In addition, Eighth Amendment claims necessarily fail unless the "prison official [has] a 'sufficiently

culpable state of mind.'" *Id.* Such requirement "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates'" constitutional concerns. *Id.* (citation omitted).

Because plaintiff's claim of cruel and unusual punishment has two distinct components – (1) a failure of Case Manager Johnson to render aid when plaintiff was assaulted, and (2) a failure to take corrective action on claims of danger after such assault, *i.e.*, a failure to place plaintiff in a safe housing area – the Court separately addresses such components.

**1. *Failure to Render Aid***

Plaintiff claims that defendant Johnson failed to render aid when another inmate assaulted him on December 3, 2002. To prevail on such a claim, "the prisoner must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). In addition, the indifference must actually and proximately cause harm to plaintiff. *See Ward v. Dallas County Jail*, No. 3:01-CV-1395-N, 2004 WL 2534044, at *2 (N.D. Tex. Nov. 8, 2004) (citing *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988)).

In this instance, plaintiff has made no allegation that Johnson's failure to render aid actually or proximately caused him any harm. Although the Court asked plaintiff to provide all facts to support his claim of cruel and unusual punishment, plaintiff provides no details regarding the severity of such assault or any injuries resulting from it. He makes no allegation that timely action by Johnson could have prevented any injuries he sustained during the assault. He makes no allegation that Johnson knew of and disregarded an excessive risk of harm to plaintiff. The facts alleged by

plaintiff are simply insufficient to impose liability on defendant Johnson for the alleged failure to render aid when plaintiff was assaulted on December 3, 2002.

### 2. *Failure to Take Corrective Action*

Plaintiff also claims that defendants failed to take corrective action, *i.e.*, placing him in a safe housing area, on his claims of danger after his December 3, 2002 assault. His allegations, however, again fail to support a claim that he was incarcerated under conditions posing a substantial risk of serious harm. He has presented no facts that objectively show a sufficiently serious deprivation of the minimal civilized measure of life's necessities. He has presented no facts which objectively show a sufficiently serious safety concern. As already mentioned, he provides no factual allegations re-garding the severity of the December 3, 2002 assault or the injuries sustained during such assault that indicate a substantial risk of serious harm while housed in the Dawson State Jail. Although he complains generally about assaults and threats from other inmates, he provides no factual allegations that indicate a substantial risk of serious harm. Other than the scant information relating to the December 3, 2002 assault, he provides absolutely no details regarding any assault. Under the facts presented to the Court in plaintiff's complaint and answers to the MJQ, this claim fails to state a claim upon which relief can be granted. The facts presented to the Court show no objectively serious deprivation. The facts show no disregard for an excessive risk to plaintiff's safety.

For all of these reasons, plaintiff has failed to state a claim under the Eighth Amendment that entitles him to relief. The Court should dismiss plaintiff's claims of cruel and unusual punishment.

## B. Equal Protection

With respect to his equal protection claim, plaintiff asserts that defendants "were aware that [his] life was in danger yet failed to provide the protection provided to other inmates." (*See* Answer to Question 2 of MJQ at 2.) His factual allegations regarding this claim are identical to those set forth for his cruel-and-unusual-punishment claim. (*Compare* Answer to Question 1 at 1-1F *with* Answer to Question 2 at 2-2F.)

To maintain an equal protection claim, plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Plaintiff makes no allegation that the alleged unequal treatment stems from a discriminatory intent. He makes no allegation that defendants failed to move him to a safer area because of his membership in some constitutionally protected class, such as race. "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient." *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987). Because plaintiff fails to allege discriminatory intent, the Court should dismiss the equal protection claim as conclusory.

## C. Due Process

Plaintiff's due process claims concern "five disciplinary violations for refusing to accept housing." (*See* Answer to Question 3 of MJQ at 3.) He argues that the discipline was unwarranted because he was merely taking steps to protect his life. (*Id.*) He asserts that defendants continued to assign him to housing areas where his life was in danger despite his complaints. (*Id.*) He argues

10

that he "was entitled to appear before an unbiased classification committee." (*Id.*)  Other than the allegation of bias, the premise of this claim lies with the alleged failures of various defendants to take corrective action.  (*See id.* at 3-3C.)

From the various attachments to his answers to the MJQ, it appears that plaintiff lost good time credit and recreational and commissary privileges in his disciplinary proceedings at Dawson State Jail.  In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court addressed "whether a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is cognizable under § 1983", extended *Heck v. Humphrey*, 512 U.S. 477 (1994)[6] to disciplinary cases and held that such claims "based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."  520 U.S. at 643, 648.

Plaintiff in this case specifically alleges bias on the part of the decisionmakers related to his disciplinary cases.  (*See* Answer to Question 3 of MJQ.)  Because plaintiff has not demonstrated that his disciplinary cases have been reversed, expunged or set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus, the Court finds that his claims for damages are not cognizable under § 1983 at this time.  If the Court were to grant damages for the

---

[6]  In *Heck,* the Supreme Court ruled that,
>   in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  Thus, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487.

alleged due process violations regarding his disciplinary cases, such ruling would necessarily call into question the validity of the punishment imposed. Therefore, under *Heck*, plaintiff must demonstrate that his disciplinary cases have been reversed, invalidated, or expunged prior to bringing this action under § 1983.

Plaintiff has failed to show that his disciplinary cases have been reversed, invalidated, or expunged prior to bringing the instant action. As shown in his Answer to Question 3 of the MJQ and attachments to his answers to the MJQ, plaintiff has obtained no relief from his disciplinary cases. Consequently, his claims for monetary relief are "legally frivolous" within the meaning of 28 U.S.C. § 1915. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule of *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated or otherwise called into question."). The Court should dismiss them "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994) (upholding dismissal with prejudice); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (same). When a claim is not cognizable under § 1983 because of the rule espoused in *Heck*, the claim "should be dismissed." *Edwards*, 520 U.S. at 649.

**D.** **Access to Court**

Plaintiff's access-to-courts claim concerns his disciplinary violations and an alleged failure to grant him access to the prison library to "research grievance procedures and civil rights laws." (Answer to Question 4 of MJQ.) He claims that the denied access to the library "deprived him of

properly preparing a civil rights suit." (Answer to Question 6 of MJQ.) He asserts that no defendant would assist him in obtaining access to the law library. (Answer to Question 8 of MJQ at 8.)

It is well established that inmates have a constitutionally recognized right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, such right is limited and simply requires "prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996).

To succeed on a claimed denial of access to courts, plaintiff must show that he lost an action-able claim or was prevented from presenting such a claim because of the alleged denial. *See id.*; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that, to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355. As the right of access to the courts is not a "freestand-ing right," it is necessary that plaintiff demonstrate actual injury resulting from the alleged denial of

13

access.  *Id.* at 351.  Without a showing of an actual injury, plaintiffs lack standing to pursue claims of denial of access to courts.  *Id.* at 349.

In this instance, plaintiff has made no showing of an actual injury.  Plaintiff clearly had sufficient access to the law library to file this civil action.  The right to access to courts does not grant a right to research grievance procedures.  Because plaintiff has shown no actual injury, he has no standing to proceed with his access-to-courts claims.

## VI.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  His due process claims should be dismissed with prejudice to their being asserted again until plaintiff has satisfied the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  His other claims should be unconditionally dismissed with prejudice.  The dismissal of this action  will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[7]

**SIGNED this 19th day of May, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

14

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE